UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**LAZARUS MCDONALD**                                                                                **PLAINTIFF**

v.                                                                          **CIVIL ACTION NO. 5:15CV-P6-TBR**

**LYNN PRIOR** *et al.*                                                                                **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is currently before the Court on initial review of Plaintiff Lazarus McDonald's *pro se* complaint pursuant to 28 U.S.C. § 1915A.  For the reasons that follow, a portion of the claims will continue, Plaintiff may amend his complaint with respect to one claim, and all other claims will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff is a pretrial detainee incarcerated at the Christian County Jail (CCJ).  He brings this 42 U.S.C. § 1983 action against the following Defendants:  (1) Lynn Prior, "State Attorney" in Hopkinsville, Kentucky; (2) Micheal Cuttoff, "Asst. State Attorney" in Hopkinsville; (3) Eric Bearden, Attorney; (4) Unknown Doctor X at CCJ; (5) Unknown Nurse X at CCJ; (6) CCJ Sgt. McIntosha; (7) Judge Andrew Self, in Hopkinsville; (8) CCJ Colonel Howard; (9) CCJ Cpt. Burd; (10) CCJ Deputy Marlar; (11) CCJ Nurse Tammie; and (12) CCJ Nurse Lindsey.  Plaintiff sues Defendants Prior, Cuttoff, Judge Self, McIntosha, and the Unknown Doctor and Nurse in their individual and official capacities but does not indicate the capacity in which he sues the other Defendants.

As to his claims, Plaintiff first reports that at intake at the CCJ on August 10, 2014, he "informed the jailers and nurses that I suffer from Mental Health Issues and needed my Medication.  However I was denied medication and Mental Health Consoulering."  He further

reports that upon intake, "I was placed in cell blocks were Regular inmates were lodged where I [] was Reticude because of my illness and was in numerous fist Fights were I suffered physical and mental abuses."  He continues, "Also the jailers never responded to any of my notes because they dont Have a grevieance system so you have to send notes."

As to his second claim, Plaintiff reports that in October and November 2014, Defendants Judge Self, Attorney Bearden, and Prosecutors Prior and Cuttoff were also notified of Plaintiff's "Mental Health capacity while in the [CCJ] and was Further denied immediate Mental Health treatment but was instead Placed on A Mental Evalution List for K.C.P.C that took 6-8 weeks to recieve treatment."  He alleges that these four Defendants violated his rights under the Eighth and Fourteenth Amendments.

Next, Plaintiff complains that on January 3, 2015, "Jailer Sgt. McIntosha" and the Unknown Doctor and Nurse violated his constitutional rights by "inflicting unecessary pain . . . when the plaintiff complained that his sphyactica nerve was damage, and that [he] was in severe pain and couldn't walk or sit down on his buttocks at all."  He claims:

> When the Nurse arrived to the inmate cell block the plaintiff was lying on the cell floor with his bed mat on the Floor And when she left she left me on the Floor And Refuse to give the plaintiff a pan to use the restroom with or an extra matteress to comfort the plaintiff while lying on the cell block floor . . . Violating my Rights to the 8th Amendment cruel and unusal Punishment.

(ellipsis by Plaintiff).  Plaintiff further claims that Defendant Unknown Doctor X violated the Eighth Amendment "by describing the smallest dosage for a sphyactica nerve problem without even seeking or visiting me.  400 milo grams Ibupropen for just 2 A day.  However, the dosage 2 A day have not given me any Relief during each intake 2 twice A day."

2

Plaintiff then alleges that on January 5, 2015, Defendant Col. Howard came to his cell along with Defendants Deputy Marlar and Cpt. Burd "and threaten to cut all access off in the unit if the plaintiff could not go to the informary by wheel chair." He claims that he "pleaded to no avail with the Colonel that I couldn't sit because the pain was to great to withstand." Thus, claims Plaintiff,

> The Colonel and His Fellow officers Left and they had cell block 782 the unit where the plaintiff was confined excess denied shutting everything off. 15 minutes Later the Colonel got on the intercom system and ask was the inmate ready to use the wheel chair. So After much discussion with 15 other inmates they asked Colonel could they make a travios to carry me to the informary and the Colonel refused and said the only way was the wheel chair. After an hour of no excess my fellow inmates became hostle and the Plaintiff told an officer to bring the wheel chair were the plaintiff suffered so much pain that he soiled his pants to get to the infirmary. Once I seen the nurses at the informary The Colonel and His Fellow officers along with the approval of the nurses put me in a so called watch cell with one blanket and one mattress which I had to sleep on the concrete Floor for 3 days.

Finally, Plaintiff maintains that on January 7, 2015, he complained to Defendant Cpt. Burd that Defendant "Deputy Marlar was threatening me to put me in lock up and because I [] can barely walk I told Capt. Burd I felt though that Deputy Marlar wanted to hurt me in lock up." After Plaintiff asked Defendant Cpt. Burd for a grievance form, states Plaintiff, " [Burd] advise me to write my complaint on a peice of paper because the dont have an actual greivance complaint form. So Capt. Burd proceeded and put the plaintiff on lock down status were the plaintiff is at right now."

As relief, Plaintiff seeks monetary and punitive damages and an injunction "having the defendants to start an Accute Mental Health cell within the [CCJ]."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

4

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### *A. Defendants Judge Self, Prior, Cuttoff, and Bearden*

Plaintiff alleges that in October and November 2014, Defendants Judge Self, Prosecutors Prior and Cuttoff, and Attorney Bearden were notified of Plaintiff's "Mental Health capacity while in the [CCJ] and was Further denied immediate Mental Health treatment but was instead Placed on A Mental Evalution List for K.C.P.C that took 6-8 weeks to recieve treatment." He alleges that these four Defendants violated his rights under the Eighth and Fourteenth Amendments.

Plaintiff was not a convicted prisoner at the time of the events alleged; he was a pretrial detainee. As such, the Eighth Amendment's proscription against cruel and unusual punishment does not apply to him. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). The Eighth Amendment claim, therefore, will be dismissed.

"Under the Fourteenth Amendment Due Process Clause, however, pretrial detainees have a right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners." *Id.* at 685-86. Thus, "[t]o sustain a cause of action under § 1983 for failure to provide medical treatment, plaintiff must establish that the defendants acted with 'deliberate indifference to serious medical needs.'" *Id.* at 686.

Here, while Plaintiff indicates that Defendants were notified of his "Mental Health capacity" when he was in CCJ and that he was "denied immediate Mental Health treatment," he does not indicate that any of those four Defendants had any control over his treatment at the jail. It appears, rather, that those Defendants were involved in his state-court criminal proceeding. Further, those Defendants did arrange for a mental evaluation, presumably as part of the criminal proceeding, and although it reportedly took 6-8 weeks for Plaintiff to receive the evaluation,

Plaintiff does not indicate how this delay caused him harm or injury or that Defendants had any control over when he could be evaluated at the Kentucky Correctional Psychiatric Center. Plaintiff has failed to show that Defendants Judge Self, Prior, Cuttoff, and Bearden were deliberately indifferent to his mental health needs. Accordingly, the Fourteenth Amendment claim will be dismissed against them.

Further, because Plaintiff is complaining of matters apparently occurring during his criminal proceeding, the individual-capacity claims for damages against Defendant Judge Self and Defendant Prosecutors Prior and Cuttoff are barred by judicial immunity and prosecutorial immunity, respectively. *See Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (explaining that prosecutorial "[f]unctions that serve as an 'integral part of the judicial process' or that are 'intimately associated with the judicial process' are absolutely immune from civil suits") (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) ("It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction.") (citing *Mireles v. Waco,* 502 U.S. 9 (1991) (per curiam)). The official-capacity claims for damages against those state Defendants are barred by Eleventh Amendment immunity. *See Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009) ("The Eleventh Amendment bars § 1983 suits against a state, its agencies, and its officials sued in their official capacities for damages.") (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)).

As to Defendant Bearden, Plaintiff identifies him as an "Attorney" (not a prosecutor or judge), and he mentions Defendant Bearden in relation to his criminal proceeding. It therefore

7

appears that Defendant Bearden was Plaintiff's criminal attorney. "A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983." *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)). If Defendant Bearden is a state actor, however, as the Court determined above, Plaintiff fails to state a Fourteenth Amendment claim against him.

For the foregoing reasons, all claims against Defendants Judge Self, Prosecutors Prior and Cuttoff, and Attorney Bearden will be dismissed.

### *B. Municipal Defendants*

As a preliminary matter, the Court must determine the capacity(ies) in which Plaintiff seeks to sue all CCJ Defendants. In the complaint, in the "Parties" section of the form, there are spaces to provide information for five Defendants. In first three spaces, Plaintiff lists state Defendants (1) Prior, (2) Cuttoff, and (3) Judge Self. In the last two spaces, Plaintiff lists CCJ Defendants (4) Sgt. McIntosh and (5) the Unknown Doctor X and Nurse X. For each of the Defendant spaces (1) – (5), Plaintiff checkmarks the spaces designated "individual" and "official" to indicate that he is suing Defendants in both their individual and official capacities. Because the form only contains five spaces for Defendants and the unrepresented Plaintiff sued twelve Defendants, the Court, in construing the complaint in a light most favorable to Plaintiff, concludes that Plaintiff intends to sue all Defendants in their individual and official capacities.

### *1. Official-capacity claims*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. at 166

(quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against the CCJ Defendants, therefore, are actually against Christian County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

None of the allegations in the complaint demonstrate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by Christian County. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim. Therefore, the official-capacity claims against all CCJ Defendants will be dismissed.

### 2. *Individual-capacity claims*

#### a. *Lack of Grievance Forms/Process*

It is unclear whether Plaintiff is complaining that the CCJ does not have a grievance procedure or that it does not have a grievance form. Nonetheless, prison inmates do not have a constitutionally protected right to a grievance procedure. *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 138 (1977) (Burger, J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x. 441, 2005 WL 742743, at *3 (6th Cir. Apr. 1, 2005) ("All circuits to consider this issue have also found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."). And if prisoners do not possess a constitutional right to a grievance procedure, then they certainly do not have a claim premised on an ineffective procedure. *LaFlame v. Montgomery Cnty. Sheriff's Dep't.*, No. 00-5646, 2001 WL 111636, at *2 (6th Cir. Jan. 31, 2001) (holding that inmate "cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate because there is no inherent constitutional right to an effective prison grievance procedure") (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)); *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986) (holding that if the prison provides a grievance process, violations of its procedures do not rise to the level of a

federal constitutional right). Therefore, Plaintiff's grievance-related claims will be dismissed for failure to state a claim upon which relief may be granted.

### *b. Denial of Mental Health Treatment and Placement in Unsuitable Conditions*

Plaintiff alleges the denial of mental health treatment, including the denial of medication and counseling and his placement with "regular inmates" who physically and mentally abused him due to his mental illness. He fails, however, to attribute these denials and placement/failure to protect to any named Defendant. Before dismissing these claims, however, the Court will provide Plaintiff with an opportunity to amend the complaint to name those individuals allegedly responsible for the denial of mental health treatment and placement in a cell where he was abused due to his mental illness. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

### *c. Pain Regarding "Sphyactica Nerve" Condition*

Plaintiff claims that Defendants Sgt. McIntosha, Unknown Doctor X, and Nurse X inflicted unnecessary severe pain. Because Plaintiff does not state any facts involving Defendant Sgt. McIntosha, the Court will dismiss this claim against him. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (stating that "some factual basis for the claims under § 1983 must be set forth in the pleadings" and "mere conclusory allegations of unconstitutional conduct" are insufficient). The Court will allow the Fourteenth Amendment

claims to proceed against Defendants Unknown Doctor X and Nurse X for their failure to adequately treat Plaintiff's pain.

### d. Wheelchair Requirement and Placement in Watch Cell

Plaintiff claims that Defendants Col. Howard, Deputy Marlar, and Cpt. Burd inflicted severe pain by requiring him to use a wheelchair to go to the infirmary and that those three Defendants "along with the approval of the nurses" put him in a watch cell for three days. The Court will allow the Fourteenth Amendment claim to proceed against Defendants Col. Howard, Deputy Marlar, and Cpt. Burd regarding the infliction of severe pain in requiring Plaintiff to use a wheelchair.

As to Plaintiff's claim regarding placement in the watch cell for three days, he fails to allege any pain or other harm caused or incurred during that three-day placement. The Court, therefore, will dismiss that Fourteenth Amendment claim against Defendants Col. Howard, Deputy Marlar, and Cpt. Burd. To the extent that "the nurses" Plaintiff references with respect to this claim are Defendant Nurses Tammie and Lindsey, the Court will also dismiss the watch-cell claim against them for failure to state a claim. To the extent that Nurses Tammie and Lindsey are not the nurses referenced in this claim, the Court will still dismiss them from this action as Plaintiff fails to state any facts in the complaint related to them.

### e. Placement in Lockdown Status

Plaintiff contends that he complained to Defendant Capt. Burd that Defendant "Deputy Marlar was threatening me to put me in lock up and because I [] can barely walk I told Capt. Burd I felt though that Deputy Marlar wanted to hurt me in lock up." Plaintiff reports that Cpt. Burd put him in "lock down status," where he continues to be housed.

Plaintiff does not allege any harm, only a fear of harm. Because his fear is not compensable, his claim for damages will be dismissed. *See, e.g.*, *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) ("Even if he had claimed a non-physical injury such as fear of assault at the hands of the prison gang, however, monetary damages for such alleged harm would not have been appropriate in *this* Eighth Amendment context.").

> However legitimate [the plaintiff's] fears may have been, we nevertheless believe that it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment. [A] claim of psychological injury does not reflect the deprivation of "the minimal civilized measures of life's necessities," that is the touchstone of a conditions-of-confinement case. Simply put, [the plaintiff] alleges, not a "failure to prevent harm," but a failure to prevent exposure to risk of harm. This does not entitle [the plaintiff] to monetary compensation.

*Id.* (quoting *Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996)) (internal citations omitted).

While damages are not available for fear of harm, "[c]learly, *injunctive* relief may be ordered by the courts when necessary to remedy prison conditions fostering unconstitutional threats of harm to inmates." *Id.* While Plaintiff does not specifically indicate in the "Relief" section of the complaint form that he seeks to be protected from harm, the Court will liberally construe the complaint to assert such an equitable claim and allow this Fourteenth Amendment claim to continue against Defendants Cpt. Burd and Deputy Marlar.

## IV.  ORDER

For the foregoing reasons,

**IT IS ORDERED** that all claims against Defendants Judge Self, Prosecutors Prior and Cuttoff, Attorney Bearden, Sgt. McIntosha, and Nurses Tammie and Lindsey and all official-capacity claims against all CCJ Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Further, the individual and official-capacity claims for damages against Defendants Judge Self and Prosecutors Prior and Cuttoff are also **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2) for seeking damages from Defendants immune from such relief.  As all claims against Defendants Judge Self, Prosecutors Prior and Cuttoff, Attorney Bearden, Sgt. McIntosha, and Nurses Tammie and Lindsey are dismissed, the **Clerk of Court is DIRECTED to terminate** them from this action.

**IT IS ORDERED** that the Fourteenth Amendment claims specified in greater detail herein shall proceed against the following Defendants in their individual capacities:  Unknown Doctor X, Unknown Nurse X, Col. Howard, Cpt. Burd, and Deputy Marlar.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may amend his complaint** to provide additional facts related to his claims that he has been denied mental health treatment and placed in unsuitable cell conditions given his mental illness and to name as Defendants those individuals involved in those claims.  If Plaintiff does not file an amended complaint within 30 days, the Court **will dismiss** these claims for failure to state a claim upon which relief may be granted.

Finally, **IT IS ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, Plaintiff must submit completed summons forms[1] for Defendants Col. Howard, Cpt. Burd, and Deputy Marlar and for any other Defendant(s) he may name in any amendment he might file. Plaintiff is **WARNED** that his failure to submit a summons form for Defendants within 30 days **will result in dismissal** of the remaining claims for failure to comply with an Order of this Court and for failure to prosecute.

The **Clerk of Court is DIRECTED to send a § 1983 form** with the instant case number written in the caption to Plaintiff for his completion should he choose to file an amended complaint. The **Clerk of Court is further DIRECTED to send Plaintiff six blank summons forms**. Should Plaintiff need additional summons forms, he may make copies.

Date:


cc: Plaintiff, *pro se*
 Defendants
 Christian County Attorney
4413.005

---

[1] The Court offers the following guidance to Plaintiff in his completion of the summons forms: (1) prepare a summons for each Defendant sued; (2) write or type Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the Defendants.